PHILLIP A. TALBERT
United States Attorney
DAVID W. SPENCER
EMILY G. SAUVAGEAU
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMAR DEONTAE BARNES,<br><br>Defendant. | CASE NO. 2:19-CR-91-DAD<br><br>UNITED STATES' MEMORANDUM RE: CHANGE OF PLEA HEARING<br><br>DATE: November 26, 2024<br>TIME: 9:30 a.m.<br>COURT: Hon. Dale A. Drozd |
|---|---|

On November 22, 2024, defendant Jamar Barnes filed a request to set this matter for a change of plea hearing. ECF 636. The Court granted the defendant's request and set this matter for a change of plea hearing on November 26, 2024. ECF 639.

The government submits this memorandum to assist the Court at the change of plea hearing, including by providing a factual basis that the government considers legally sufficient to support a finding of guilt as to each of the charged offenses.

### I. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty:

As to Count Two, conspiracy to manufacture, distribute, and possess with intent to distribute fentanyl, at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, heroin, and U-47700, in violation of 21 U.S.C. §§ 846 and 841(a)(1):

1. Beginning on a date unknown but no later than September 27, 2015, and continuing through on or about May 16, 2019, there was an agreement between two or more persons to manufacture, distribute, and possess with intent to distribute fentanyl, at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, heroin, and U-47700; and

2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

As to Count Thirteen, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1):

1. On or about May 16, 2019, the defendant knowingly possessed at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine; and

2. The defendant possessed it with the intent to distribute it to another person.

## II. MAXIMUM SENTENCE

### A. Maximum penalty

The maximum sentence that the Court can impose as to each of Counts Two and Thirteen is imprisonment of at least 15 years and up to life, a fine of $10,000,000, a period of supervised release of at least 10 years and up to life, and a special assessment of $100. Counts Two and Thirteen each carry a 15-year mandatory minimum sentence.

In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to five years of additional imprisonment.

## III. FACTUAL BASIS

The government considers the following factual basis to be legally sufficient to support a finding of guilt as to each of the charged offenses:

    Defendant Jamar Barnes admits that, beginning no later than September 27, 2015, and continuing through May 16, 2019, there was an agreement between two or more persons to manufacture, distribute, and possess with intent to distribute fentanyl, at least 500 grams of a mixture or substance containing methamphetamine, heroin, and U-47700, in the Eastern District of California.  Barnes admits that he joined the agreement knowing of its purpose and intending to help accomplish that purpose.

    Barnes further admits that, on May 16, 2019, in the Eastern District of California, he knowingly possessed at least 500 grams of a mixture or substance containing methamphetamine with the intent to distribute it to another person.

    Barnes further admits that, on March 31, 2008, he was convicted of Possession with Intent to Distribute MDMA, in violation of 21 U.S.C. § 841(a)(1), case number 4:07-CR-0239-MJJ, in the Northern District of California, that he served a term of imprisonment of more than 12 months for this conviction, and that he was released from imprisonment for this conviction on April 24, 2011.

### IV.  REQUIRED PROCEDURE UNDER 21 U.S.C. § 851

Pursuant to 21 U.S.C. § 851(a), the United States filed an Information on April 25, 2023, stating in writing the previous convictions to be relied upon to increase the defendant's statutory mandatory minimum sentence to 15 years in prison under 21 U.S.C. § 841(b)(1)(A).  *See* ECF 423.

Because of this Information, 21 U.S.C. § 851(b) applies and imposes additional procedural requirements.  Specifically, section 851(b) requires the following of the Court:

> the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).  If the defendant "affirms … that he has been previously convicted as alleged in the information," as set forth in the factual basis above, then the Court has satisfied its obligation under § 851 and may simply set this matter for sentencing and proceed to sentencing in due course.[1]

---

[1] If the defendant "denies any allegation of the information of prior conviction," he must file the written response to the information required by 21 U.S.C. § 851(c).  Such a denial and written response would trigger the government's "burden of proving [the] disputed facts … beyond a reasonable doubt." *Rodriguez*, 851 F.3d at 947.  As explained in the government's trial brief, such facts should be submitted to a jury (absent the defendant's waiver of his right to a jury trial).  *See* ECF 631, at 4-6.  Accordingly,

The Ninth Circuit has emphasized that it "require[s] 'strict compliance with the procedural aspects of section 851(b).'" *United States v. Rodriguez*, 851 F.3d 931, 946 (9th Cir. 2017) (quoting *United States v. Hamilton*, 208 F.3d 1165, 1168 (9th Cir. 2000)).  "The § 851(b) colloquy is not merely a procedural requirement.  It serves a functional purpose 'to place the procedural onus on the district court to ensure defendants are fully aware of their rights.'" *Rodriguez*, 851 F.3d at 946 (quoting *United States v. Espinal*, 634 F.3d 655, 665 (2d Cir. 2011)).

Dated:  November 26, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *David Spencer*
EMILY G. SAUVAGEAU
DAVID W. SPENCER
Assistant United States Attorneys

---

the Court should not vacate the December 2, 2024, jury trial date unless and until the defendant "affirms … that he has been previously convicted as alleged in the information."  21 U.S.C. § 851(c).